UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
EMERSON DAVID BALLARD, III,                    :

                              Plaintiff,       :

                  -against-                    :        **REPORT AND RECOMMENDATION**

JOHN CONTE, JR.,                               :        11 Civ. 5874 (LLS)(KNF)

                              Defendant.       :
-------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE LOUIS L. STANTON, UNITED STATES DISTRICT JUDGE


        The plaintiff commenced this action, pursuant to 28 U.S.C. § 1338(a), asserting breach of

contract and fiduciary duty and other state-law claims against various defendants, including John

Conte, Jr. ("Conte").  The Clerk of Court entered a default against Conte, based on his failure to

appear in the action.  Your Honor referred the matter to the undersigned for an inquest on

damages.  On May 3, 2013, the Court issued a Report rejecting the plaintiff's late filing of

Docket Entry Nos. 37 and 38, and recommending that no damages be awarded to the plaintiff

because he failed to prove the amount of damages.  The plaintiff objected[1] to the May 3, 2013

---

[1] In the plaintiff's objections, the plaintiff's counsel explained to the court that, when she
filed "the Proposed Findings and Inquest Memo and Exhibits under the ECF filing categories
titled 'Brief [ECF 35]" and Exhibits A, B, C and F, on December 31, 2012, she was unable to
upload Exhibits D and E.  She stated that "with the help of Plaintiff's counsel's support staff,"
she was "able to file the Proposed Findings of Fact and Inquest Memo and Exhibits A-F [ECF
37] on January 2, 2013, under the correct ECF filing category."  However, the plaintiff's counsel
failed to mention that the January 2, 2013 filing did not only contain Exhibits D and E, which
were unable to be uploaded previously, but also contained "Proposed Findings of Fact,
Conclusions of Law and [an] Inquest Memorandum,"(Docket Entry No. 37), that are not
identical to the "Proposed Findings of Fact, Conclusions of Law and Inquest Memorandum"
filed on December 31, 2012 (Docket Entry No. 35), because additional text, including an
additional footnote, is present in Docket Entry No. 37 that is absent from Docket Entry No. 35.
                                                                              (continued...)

Report and Recommendation.  On June 3, 2013, your Honor stated:

> In reaching his determination, Judge Fox held that he could not consider material (Docket Nos. 37 and 38) which had been filed after the December 31, 2012 deadline set by Judge Fox, because plaintiff's counsel's attempt to file them at 10 p.m. on December 31, 2012 ran into technical difficulties with the court's electronic filing system, and they were not filed until January 2, 2013.  Evidence contained in those filings, together with an amended affidavit by plaintiff submitted with his Objections (the "proffered material") might remedy the omissions underlying Judge Fox's no-money award. . . . [T]he matter is remitted to Magistrate Judge Fox for consideration of the proffered material on the merits, together with any other proceedings he finds appropriate.

Before the Court is the plaintiff's "proffered material," namely: (a) the "proposed Findings of Fact, Conclusions of Law and Inquest Memorandum" (Docket Entry No. 37); (b) the Certificate of Service (Docket Entry No. 38); and (c) the plaintiff's amended affidavit, dated May 17, 2013 (Docket Entry No. 42-1).

### Allegations in the Complaint

The plaintiff alleged, in his first amended complaint, that he is an "up and coming music producer and songwriter" and "a citizen and resident of the State of Maryland."  Conte "is a citizen and resident of the State of Georgia and does business in the State of New York as a record producer and songwriter."  In or about the period between April and June 2008, the plaintiff and Nathan Walker ("Walker") co-wrote a song entitled "Blame It on the Alcohol."  From June to July 2008, audio recordings of "Blame It on the Alcohol" were released in physical form—on a DJ Shakim mixtape—and in digital form—on various web sites.  The mixtapes were distributed at various social events in Atlanta.  In or about June 2008, the plaintiff was

---

[1](...continued)
<u>Compare</u> page nos. 19, 20 and 21 of Docket Entry No. 37 with page nos. 19, 20 and 21 of Docket Entry No. 35.

introduced to Conte, who represented that he was affiliated with "Konvict Records."  Conte

offered to "shop"  the plaintiff's music to Konvict Records and to "other recording artists with

major deals."  The plaintiff would send to Conte, via e-mail message, his "musical tracks for the

purpose of Defendant Conte presenting them to artists and record labels."  The plaintiff played

for Conte "various songs he produced and wrote" with Walker, including "Blame it on the

Alcohol."

On December 16, 2008, recording artist Jamie Foxx released an album entitled

"Intuition," which contained the song "Blame It."  According to the plaintiff, "Blame It" is a

"derivative" of "Blame It on the Alcohol," but he did not receive credit or "compensation as a

co-owner or co-author" for that song or other versions of that song, including "Make Her Say."

Both "Blame It" and "Make Her Say" were released commercially as a single in 2009, but the

plaintiff received no compensation "as a co-owner or co-author."  According to the plaintiff,

Conte "was acting as Plaintiff's agent when he agreed to shop Plaintiff's music," and he

breached his agreement with the plaintiff when he "participated as a co-author of 'Blame It On

the Alcohol' and Plaintiff did not receive any credit, ownership or compensation as an owner and

co-author."  The plaintiff asserts that, rather than "shop" his music to third parties, Conte used

the plaintiff's music, claiming it was his own.

The plaintiff asserts the following claims against Conte: (1) "Breach of Agency Contract

and Breach of Fiduciary Duty"; (2) "Fraud and Unjust Enrichment"; (3) "Prima Facie Tort"; and

(4) "Tortious/Intentional Interference with Prospective Economic Advantage or With Business

Relations."  In the "Prayer for Relief" portion of the complaint, the plaintiff seeks: (a) a

declaration that "Blame It" and "Make Her Say," including all their versions, "are derivative

works of Plaintiff's ["Blame It on the Alcohol"] and that Plaintiff is a co-owner thereof"; (b) a

3

declaration that "Blame It" "is a derivative of Plaintiff's composition, 'Blame It on the Alcohol,' and as such, order that Plaintiff is entitled to a full and accurate accounting of the earnings of the Composition, and all versions and derivatives thereof"; (c) "the imposition of a Constructive Trust against Defendant Conte for (i) the earnings of . . . 'Blame It,' and all versions and derivatives thereof, including 'Make Her Say,' received by Defendant Conte and (ii) the ownership interest Conte received in connection with . . . 'Blame It,' and all versions and derivatives thereof, including 'Make Her Say.'"; (d) "an award of treble damages against . . . Conte for fraud in the amount of $1,000,000"; (e) "an award against . . . Conte for unjust enrichment in the amount of $1,000,000 and disgorgement of profits"; (f) "an award of damages against . . . Conte for tortious interference with economic advantage or business relationship in the amount of $1,000,000"; (g) "an award of damages against . . . Conte for prima facie tort in the amount of $1,000,000"; (h) "an award of pre-judgment and post-judgment interest on all sums"; and (i) "an award of Plaintiff's actual costs incurred for this action, including, but not limited to, reasonable attorney's fees."

### Inquest Submissions

In the plaintiff's Proposed Findings of Fact, Conclusions of Law, and Inquest Memorandum (Docket Entry No. 37), the plaintiff contends subject-matter jurisdiction exists over Conte's claims, namely, state-law claims of breach of contract; breach of fiduciary duty; fraud; unjust enrichment; prima facie tort;[2] and interference with economic advantages or business relations, "based upon the theory of pendent (or ancillary) jurisdiction."  The plaintiff

[2] The plaintiff contends via a footnote in his inquest submissions: "Plaintiff is not pursuing his claim of '*prima facie* tort' against defendant Conte as New York law only allows this cause of action if Plaintiff cannot maintain another action for tort or contract against a defendant."

4

contends that: (a) he was "a citizen and resident of the State of Maryland at the time this lawsuit was filed"; and (b) the defendant was a citizen of Georgia and "does business in the States of New York and Georgia as a record producer and songwriter."  The plaintiff maintains that he is entitled to $170,799.56 in "compensatory damages," for the defendant's "breach of agency agreement with Plaintiff," which represents "the earnings that he would have received had he been properly credited as a co-owner and co-author of 'Blame It' and 'Make Her Say' from the period January 2009 to December 2011."  The plaintiff contends that he calculated this amount "based upon Walker's 5.26% ownership interest in the copyright for 'Blame It' and his .526% ownership interest in the copyright for 'Make Her Say;' and . . . BMI Writer Share Earnings for Defendant Conte for his 5.26% ownership interest in the copyright for 'Blame It' and his .526% ownership interest in the copyright for 'Make her Say.'"  The plaintiff asserts he is entitled to $100,000 on the breach of fiduciary claim "for the foreseeable lost opportunity of not being able to enter into a music publishing agreement."  The plaintiff seeks $170.799.56 in "compensatory damages," which "represents the actual loss sustained by Plaintiff as a result of not receiving his rightful share of the earnings from 'Blame It and "Make Her Say.'"  The plaintiff also seeks "[t]he imposition of a Constructive Trust against Defendant Conte for the ownership interest Conte received in connection with . . . 'Blame It," and all versions and derivatives thereof, including 'Make Her Say.'"  Moreover, in connection with his tortious interference with business relationship claim, the plaintiff seeks $170,799.56 in compensatory damages and "$512,398.68 in punitive damages (treble that amount in punitive damages) due to Defendant Conte's intentional bad acts."

    In support of his motion, the plaintiff attached to his Proposed Findings of Fact, Conclusions of Law and Inquest Memorandum: (1) Exhibit A, Clerk's Certificate of Conte's

Default; (2) Exhibit B, first amended verified complaint; (3) Exhibit C, the plaintiff's affidavit, dated December 31, 2012; (4) Exhibit D, "Ultra Tunes Accounting Walker"; (5) Exhibit E, "BMI Writer's Share Statements Conte," which includes an "Affidavit" by Richard A. Garza, dated December 7, 2012; (6) Exhibit F, "UMG Recordings Accounting for 'Turn It Up.'"[3] Additionally, the plaintiff submitted his amended affidavit, dated May 17, 2013.

In his amended affidavit, the plaintiff stated: "While living in Atlanta, Georgia, I entered into an oral agreement with Defendant John Conte, Jr. (herein 'Conte') to 'shop' my music to artists and record labels in 2008," and "[b]ased on our agreement I would have paid Conte an industry standard commission of 20% if he found any placement for my music."  The plaintiff asserted that "Conte received $170,799.56 in earnings for 'Blame It' or 'Make Her Say' from the period January 2009 to December 2011 from BMI and from Statutory Mechanical Royalties, Synchronization License Fees, and Printed versions of the songs and other music uses and 100% of the so-called Publisher's share of Performance Income."

## DISCUSSION

### Subject Matter Jurisdiction

"Federal courts have an independent obligation to inquire into the existence of subject-matter jurisdiction," which "can never be forfeited or waived."  City of New York v. Mickalis

---

[3] Exhibit F, "UMG Recordings Accounting for 'Turn It Up'" consists of the following text:
> Plaintiff's counsel subpoenaed Universal Music Group to secure the accounting for "Turn It Up."  However, UMG Recordings asked for an extension of time to respond and provide such accounting due to the holidays.  Plaintiff granted such extension until January 11, 2013.  Plaintiff intends on amending and supplementing this Memorandum once the production from UMG Recordings is received.

The plaintiff did not amend or supplement his submissions to include "the production from UMG Recordings."

Pawn Shop, LLC, 645 F.3d 114, 125-26 (2d Cir. 2011) (citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The plaintiff asserted jurisdiction pursuant to 28 U.S.C. § 1338(a), in his complaint's jurisdictional statement. "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." 28 U.S.C. § 1338(a). The plaintiff does not assert any claims arising under any statute relating to patents, plant variety protection or trademarks.

In this circuit, a civil action arises under the Copyright Act if: (1) "the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record production"; or (2) "asserts a claim requiring construction of the Act." Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343, 349 (2d Cir. 2000) (quoting T.B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir. 1964)) (alterations omitted). In ascertaining whether a suit involving a contractual dispute arises under the Copyright Act, for purposes of Section 1338, the courts in this circuit focus on "what is alleged on the face of the complaint." Id. "[T]here is a built-in check on plaintiffs who seek to use Section 1338 as a means of obtaining federal jurisdiction over a purely contractual dispute by inappropriate or bad-faith pleading of a copyright claim. This is the risk that, once the federal court dismisses the copyright claim, it may decide to refuse supplemental jurisdiction over the remaining state law claims." Id. at 351 n.4.

Although the plaintiff pleaded only "jurisdiction pursuant to 28 U.S.C. § 1338(a)" in his first amended complaint, he asserts in his inquest submissions that the court "has jurisdiction over the claims against Defendant Conte based upon the theory of pendent (or ancillary)

jurisdiction." Supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, exists only in a "civil action of which the district courts have original jurisdiction." 28 U.S.C. § 1367(a). Thus, where the court lacks original jurisdiction over the claims previously dismissed, no discretion exists for the court to exercise supplemental jurisdiction with respect to all other claims over which it does not have original jurisdiction. See 28 U.S.C. § 1367.

In his first amended complaint the plaintiff did not assert copyright infringement claims against any defendants and he did not seek any remedy under the Copyright Act, namely: (a) an injunction, pursuant to 17 U.S.C. § 502; (b) impoundment and disposition of infringing articles, pursuant to 17 U.S.C. § 503; or (c) actual damages and profits or statutory damages, pursuant to 17 U.S.C. § 504. Although the plaintiff sought declaratory relief in his first amended complaint's "Prayer for Relief," that request "does not by itself confer subject matter jurisdiction on the federal courts." Correspondent Servs. Corp. v. First Equities Corp. of Fla., 442 F.3d 767, 769 (2d Cir. 2006), and a prayer for relief is not a factual allegation. The plaintiff concedes in his inquest submissions that his claims against Conte are state-law claims. However, he asserted against Conte the same claims he asserted against other defendants: breach of fiduciary duty, fraud, unjust enrichment, prima facie tort and tortious interference with prospective economic advantage or with business relations. Thus, since the plaintiff's claims against Conte do not arise under the Copyright Act or require construction of the Copyright Act, and they are, admittedly, state-law claims, the plaintiff's claims against other defendants that are identical in substance, are also state-law claims and do not fall under the Copyright Act, because they do not assert copyright infringement and do not require construction of the Copyright Act, within the meaning contemplated by T.B. Harms Co.. See T.B. Harms Co., 339 F.2d at 828 ("as in" De Sylva v. Ballentine, 351 U.S. 570, 76 S. Ct. 974 (1956), in which a declaratory judgment action

required interpretation of the term "children" in the Copyright Act); see Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 307 (2d Cir. 2004) ("[T]he fact that [breach of fiduciary duty] claims require a finding that there was a breach of fiduciary duty to begin with adds an extra element that makes the claims qualitatively different from a claim of copyright infringement."). Accordingly, because original jurisdiction does not exist in this action, under 28 U.S.C. § 1338(a), as asserted in the complaint, supplemental jurisdiction cannot be exercised, under 28 U.S.C. § 1367, over the claims asserted against Conte.

However, a district court should look beyond the jurisdictional statement in a complaint and examine the entire complaint "to determine whether the facts set forth justify taking jurisdiction on grounds other than those most artistically pleaded." Curley v. Brignoli, Curley & Roberts Assocs., 915 F.2d 81, 84 (2d Cir. 1990) (quoting New York State Waterways Ass'n v. Diamond, 469 F.2d 419, 421 (2d Cir. 1972)). When jurisdiction is based on diversity of citizenship, the plaintiff must allege the existence of complete diversity of citizenship and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a).

The plaintiff failed to assert jurisdiction based on diversity of citizenship, under 28 U.S.C. § 1332. Although he asserted, in the complaint, that complete diversity among the parties exists, namely, that he is a citizen of Maryland and all the defendants are citizens of either Georgia or New York or both, he made no allegation regarding the amount in controversy. Moreover, the complaint lacks any allegations from which the requisite amount in controversy could be inferred. For example, although the plaintiff alleges in the complaint that Conte would help "shop" his music to others, he did not allege what, if anything, Conte would receive in return for shopping

9

the plaintiff's music.[4]  The Court finds that, under the circumstances, jurisdiction based on diversity of citizenship does not exist.

***Personal Jurisdiction***

Even assuming that subject-matter jurisdiction exists, personal jurisdiction over Conte is lacking.  The plaintiff filed an affidavit of service, stating that, on January 31, 2012, the process server served Conte in Indianapolis, Indiana, " by leaving a true copy of this Summons and Complaint at the within named person's usual place of abode, to a person residing therein who is of legal age to accept the documents herein to wit: John J. Conte, Sr. accepted documents for his son." (Docket Entry No. 16).

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213 (2d Cir. 2010).

> Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located; (B) who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or (C) when authorized by a federal statute.

> Fed. R. Civ. P. 4(k)(1).

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not

---

[4] Even the plaintiff's affidavit, dated December 31, 2012, states "I entered into an agreement with Defendant John Conte, Jr. to 'shop' my music to artist [sic] and record labels in 2008," without indicating what Conte would receive in return under that agreement.  Only in his amended affidavit, dated May 17, 2013, which was not served on Conte, does the plaintiff contend: "Based upon our agreement I would have paid Conte an industry standard commission of 20% if he found any placement for my music."  Although the plaintiff could seek leave to amend the complaint to correct jurisdictional deficiencies, if leave is granted, the amended complaint must  be served on Conte.  See Fed. R. Civ. P. 5(a)(1)(B).

subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws.

Fed. R. Civ. P. 4(k)(2).

As the plaintiff asserts that his claims against Conte arise under state law, Rules 4(k)(1)(C) and 4(k)(2) do not apply, and Rule 4(k)(1)(B) does not apply because Conte is not a party joined under Rule 14 or 19. Thus, serving the summons and complaint on Conte in Indiana will establish personal jurisdiction over Conte in this action only if he is subject to the jurisdiction of a New York court of general jurisdiction, as provided by Rule 4(k)(1)(A).

In New York, personal jurisdiction has two components: (1) "service of process, which implicates due process requirements of notice and opportunity to be heard"; and (2) "the power, or reach, of a court over a party, so as to enforce judicial decrees." Keane v. Kamin, 94 N.Y.2d 263, 265, 701 N.Y.S.2d 698, 699 (1999). "Service of process cannot by itself vest a court with jurisdiction over a non-domiciliary served outside New York State, however flawless that service may be. To satisfy the jurisdictional basis there must be a constitutionally adequate connection between the defendant, the State and the action." Id. at 265-66, 701 N.Y.S.2d at 699-700.

"A court may exercise . . . jurisdiction over persons . . . as might have been exercised heretofore." New York Civil Practice Law and Rules ("CPLR") § 301. To determine whether a corporation or a non-domiciliary individual is present in and amenable to New York's jurisdiction, even for causes of action not arising in New York, courts apply the "doing business test," which provides that, if the corporation "is here, not occasionally or casually, but with a fair measure of permanence and continuity, then whether its business is interstate or local, it is within the jurisdiction of [New York's] courts." Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 267 (1917); see ABKCO Indus., Inc. v. Lennon, 52 A.D.2d 435, 440, 384 N.Y.S.2d 781, 784 (App.

Div. 1ˢᵗ Dep't 1976) (extending the "doing business" test to nondomiciliary individuals).

Personal jurisdiction over a nondomiciliary can be satisfied also by any of the acts enumerated in

New York's longarm jurisdiction statute, CPLR § 302.

> [A] court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent: 1. transacts any business within the state . . . or regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from . . . services rendered, in the state, or . . . expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce[.]

    CPLR § 302(a).

Under CPLR 302, "the cause of action at issue [must arise] out of the transaction of business

within the State." McGowan v. Smith, 52 N.Y.2d 268, 271, 437 N.Y.S.2d 643, 644 (1981). To

establish that a person transacts business within the state, it is necessary to show "some act by

which the defendant purposefully avails itself of the privilege of conducting activities within New

York." Ehrenfeld v. Bin Mahfouz, 9 N.Y.3d 501, 508, 851 N.Y.S.2d 381, 385 (2007) (quoting

McKee Elec. Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 382, 283 N.Y.S.2d 34, 37-38 (1967))

(brackets omitted).

    The plaintiff's conclusory allegation that Conte "does business in the State of New York

as a record producer and songwriter" is insufficient to satisfy CPLR 301's "doing business" test

because the complaint is devoid of any factual allegations in its support. The plaintiff did not

make a single factual allegation that Conte did any business in New York, let alone that he

conducted business "with a fair measure of permanence and continuity," as he must to establish

personal jurisdiction under the "doing business" test. Tauza, 220 N.Y. at 267. In fact, the

complaint does not even mention that anyone did any of the alleged acts in New York. Moreover,

the plaintiff did not make any allegations that Conte transacts any business within New York or

12

regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from services rendered in New York, as required to establish personal jurisdiction under CPLR § 302(a).  Since the plaintiff failed to allege a constitutionally adequate connection between Conte, New York and the claims against Conte, Conte is not subject to the jurisdiction of a New York court of general jurisdiction.  As Conte is not subject to the jurisdiction of a New York court of general jurisdiction, serving a summons on him does not establish personal jurisdiction.  See Fed. R. Civ. P. 4(k)(1)(A).  The Court finds that personal jurisdiction over Conte is lacking.

## RECOMMENDATION

For the foregoing reasons, I recommend that the action be dismissed for lack of: (a) subject-matter jurisdiction; and (b) personal jurisdiction over Conte.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Louis L. Stanton, 500 Pearl Street, Room 2250, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007.  Any requests for an extension of time for filing objections must be directed to Judge Stanton.  ***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude***

*appellate review.*  See <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466 (1985); <u>Cephas v. Nash</u>,

328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York          Respectfully submitted,
      October 18, 2013

                                       KEVIN NATHANIEL FOX
                                       UNITED STATES MAGISTRATE