ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/11/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - -X
EMERSON DAVID BALLARD III,

      Plaintiff,    11 Civ. 5874 (LLS)

  - against -      MEMORANDUM AND ORDER

NATHAN WALKER, ULTRA MUSIC PUBLISHING
LLC, CHRISTOPHER (DEEP) HENDERS, d/b/a
GIFTED SOURCE MUSIC (ASCAP), and JOHN
CONTE, JR.,

      Defendants.
- - - - - - - - - - - - - - - - - - - - - -X

   After entry of default judgment against Conte in this dispute over the rights to musical compositions, the action was referred to Magistrate Judge Fox to hold an inquest and report and recommend the proper amount of damages. By Report and Recommendation dated October 18, 2013, Magistrate Judge Fox recommended plaintiff be awarded no damages.

   Plaintiff objected to the Report and Recommendation, and moved for leave to file a second amended complaint to cure the defects identified by Magistrate Judge Fox.

   For the reasons discussed below, the Report and Recommendation is adopted, and plaintiff's motion to amend is denied.

A.

Magistrate Judge Fox recommended that plaintiff's claims against Conte be dismissed for lack of personal jurisdiction over Conte, among other reasons.

Conte must be "subject to the jurisdiction of a court of general jurisdiction" in New York, Fed. R. Civ. P. 4(k)(1)(A), for personal jurisdiction over him.

Conte is a citizen of Georgia, Am. Compl. ¶ 5. A New York court may exercise jurisdiction over a non-domiciliary under New York CPLR § 301 if he is present in New York by virtue of "doing business" in New York - that is, "is here, not occasionally or casually, but with a fair measure of permanence and continuity," Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 267 (1917), or by satisfying the requirements of CPLR § 302, which provides that:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
>    1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
>    2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
>    3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of

>   action for defamation of character arising from the act, if he
>
>   >   (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
>   >   (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
>   4. owns, uses or possesses any real property situated within the state. . . .

(emphasis added).

Magistrate Judge Fox found that the amended complaint's allegation that Conte "does business in the State of New York as a record producer and songwriter," Am. Compl. ¶ 5, "is insufficient to satisfy CPLR 301's 'doing business' test because the complaint is devoid of any factual allegations in its support," Rep. & Rec. 12, and that the amended complaint inadequately pleads personal jurisdiction under CPLR § 302 because "the complaint does not even mention that anyone did any of the alleged acts in New York," id., and thus does not adequately plead that the claims against Conte arise "out of the transaction of business within the State," McGowan v. Smith, 52 N.Y.2d 268, 271 (1981).

On that basis, Magistrate Judge Fox recommended dismissing

- 3 -

the complaint for lack of personal jurisdiction, see Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213 (2d Cir. 2010)("[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant.").

The Court has carefully reviewed Magistrate Judge Fox's recommendations de novo, and plaintiff's objections, see Adee Motor Cars, LLC v. Amato, 388 F.Supp.2d 250, 253 (S.D.N.Y. 2005), and finds that the Report and Recommendation is correct in its conclusions regarding the lack of personal jurisdiction over Conte, and the recommendation to dismiss on that basis. The Report and Recommendation is adopted that that respect.

B.

Plaintiff moves to amend the complaint for a second time.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, "valid reasons for denying leave to amend include undue delay, bad faith, or futility of the amendment." Mackensworth v. S.S. American Merchant, 28 F.3d 246, 251 (2d Cir. 1994) (citations omitted).

Plaintiff attaches a proposed second amended complaint to his motion to amend. In addition to the allegations in the first amended complaint, the proposed second amended complaint also alleges that:

- 4 -

57. Defendant Conte regularly does or solicits business, or engages in any other persistent course of conduct, and derives substantial revenue from services rendered, in the state of New York.

58. Defendant Conte maintains royalty bearing accounts at Broadcast Music Inc. (herein "BMI") as a [sic] both a songwriter and a music publishing company for thirty songs as listed on Exhibit A hereto.[1]

59. BMI is located in New York.

60. Based upon information and belief, Conte's account is maintained through BMI in New York.

61. Based upon information and belief, Defendant has worked as a professional music producer and songwriter in New York for the recording artist professionally known as "Cassie."

62. Based upon information and belief, Defendant Conte has negotiated sample clearance and music publishing agreements in the State of New York for the master recording and music composition "Make Her Say" as performed by the Artist professionally known as "Kid Cudi."

63. Based upon information and belief, Defendant Conte has royalty accounts in New York with various record companies.

The proposed second amended complaint's allegation that "Defendant Conte regularly does or solicits business, or engages in any other persistent course of conduct, and derives substantial revenue from services rendered, in the state of New York," ¶ 57, lacks supporting factual allegations. Allegations

---

[1] The musical compositions at issue, "Blame It" and "Make Her Say," are both listed in Exhibit A.

that Conte maintains royalty accounts in New York, id. ¶¶ 58-60, 63, and at some time worked in New York, id. ¶¶ 61, 62, do not adequately support the conclusion that Conte is in New York "with a fair measure of permanence and continuity," Tauza, 220 N.Y. at 267, such that it can be said that he "does business" in New York under CPLR § 301.

Although Conte allegedly receives royalty payments for the works at issue at a BMI account maintained in New York, id. ¶¶ 58-60, the mere receipt of money in New York, through an organization for its collection, is not sufficient to plead that plaintiff's claims against Conte arise "out of the transaction of business" in New York, McGowan, 52 N.Y.2d at 271, as required under CPLR § 302. Plaintiff's claims arise out of Conte's transaction of business in Georgia, where Conte's alleged dealings with plaintiff took place, and his promises to plaintiff were made, Proposed Second Am. Compl. ¶¶ 18-28. Plaintiff does not allege the location of Conte's breach of those promises.

Plaintiff also argues that "a *quasi in rem* basis [exists] for jurisdiction pursuant to CPLR § 314, based upon Defendant Conte's writer share account at BMI and various other royalty accounts at record companies located in New York," Pl.'s Opp. to the Rep. & Rec. 6, and seeks leave to attach those accounts, id at 6-7.

CPLR § 314(2) allows for service of process without the state:

> [W]here a judgment is demanded that the person to be served be excluded from a vested or contingent interest in or lien upon specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced, regulated, defined or limited; or otherwise affecting the title to such property, including an action of interpleader or defensive interpleader.

However, under Shaffer v. Heitner, 433 U.S. 186 (1977), all jurisdiction, including *quasi in rem*, must be evaluated under "the same test of fair play and substantial justice as governs assertions of jurisdiction in personam," id. at 207. Thus, *quasi in rem* jurisdiction based on Conte's royalty accounts is only tenable if they and his other activities show that Conte has "minimal contacts" with New York, International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Here, Conte's alleged contacts with New York are that he at some time worked in New York in the music field, and that he receives royalty payments through Broadcast Music Inc., which does business in New York.

No promise on which plaintiff relies for his causes of action is alleged to have occurred in New York. Conte's passive receipt of royalty payments in New York cannot be said to be "some act by which the defendant purposefully avails itself of

the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," Hanson v. Denckla, 357 U.S. 235, 253 (1958). Jurisdiction cannot be predicated on CPLR § 314.

Accordingly, plaintiff's motion to file a second amended complaint is denied for futility, as plaintiff's proposed pleading also does not adequately allege personal jurisdiction over Conte.

## Conclusion

Magistrate Judge Fox's Report and Recommendation (Dkt. No. 47) is adopted and the amended complaint is dismissed as against Conte. Plaintiff's motion to amend (Dkt. No. 52) is denied. The Clerk is requested to enter judgment accordingly and close this case.

So ordered.

Dated: New York, NY
      December 11, 2013

                                              */s/ Louis L. Stanton*
                                                Louis L. Stanton
                                                    U.S.D.J.